IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN P. GJERDE dba LAW
OFFICES OF SEAN P. GJERDE,

      Petitioner,                  No. MISC S-11-0075 JAM DAD

   v.

UNITED STATES OF AMERICA,     ORDER
COMMISSIONER OF INTERNAL
REVENUE, and DEBI LINDERHOLM,
Revenue Agent,

      Respondents.

_____/

      Petitioner, Sean P. Gjerde, is proceeding pro se with a petition to quash an Internal Revenue Service summons pursuant to 26 U.S.C. § 7609(b)(2). The case has been referred to the undersigned U.S. Magistrate Judge pursuant to Local Rule 302(c)(10).

      Under the Local Rules of Practice, pro se parties are to file and serve paper documents. Local Rule 133(a). Any person appearing pro se may not utilize electronic filing unless they have been granted permission to do so by the assigned District Judge or Magistrate Judge. Local Rule 133(b)(2). Attorney's who wish to file documents in this court electronically, must be admitted to practice in the Eastern District or must be admitted to appear pro hac vice. Local Rule 135(g). Admission to practice in the Eastern District requires that the attorney

1

complete an e-filing registration form and receive a username and password. (Id.) The court issued registration name and password, when utilized for electronic filing of documents, will serve as the party's signature for purposes of Rule 11 of the Federal Rules of Civil Procedure. (Id.) Moreover, unless an attorney opts out, registration as an electronic filer constitutes consent to serve and receive service electronically pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. See Local Rule 135(g)(1). Anything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes. Local Rule 131(c). Attorneys are responsible for, and must take care to ensure, the validity of their signatures. Local Rule 131(d). Documents filed with invalid electronic signatures may be stricken. See Local Rule 131(d) & (g). Failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statue or Rule or within the inherent power of the Court. Local Rule 110.

Petitioner initiated this action on August 21, 2011, by filing his petition electronically using the registration name and password of attorney James Chandler. On September 8, 2011, the Clerk of the Court issued a Clerk's Notice of Docket Correction, stating:

> Attorney James P. Chandler filed the initiating documents on 8/21/11. All documents indicate that Mr. Gjerde is appearing pro se. Petitioner Sean P. Gjerde is an attorney, admitted to practice in the Eastern District of California and should be filing all documents electronically. No documents indicate that Mr. Chandler is attorney of record, as such, Mr. Chandler is terminated from this case. The court is in receipt of a certificate of service. The certificate of service has been filed in non-compliance with the local rules and will be filed in the case as of 9/8/11.[1]

(Doc. No. 3.) In disregard of this notice issued by the Clerk of the Court, petitioner has

/////

---

[1] The certificate of service was filed on September 8, 2011, pursuant to Local Rule 5-133(d)(3), which provides that the Clerk will not refuse to file a document that is submitted for filing in a pending action.

continued to file documents electronically using the registration name and password of attorney James Chandler. See Doc. Nos. 6 & 7.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to strike all documents filed by petitioner in this action;

2. Within 28 days, petitioner shall file with the court, and serve upon each respondent identified in the caption of the petition, a petition in compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice. Petitioner shall file a certificate of such service within 7 days after service is made;

3. Within 28 days after the petition is served by petitioner, respondents shall file and serve a response to the petition;

4. If respondents' response to the petition is an answer, a reply shall be filed by petitioner within 14 days after the response is filed. Any party may request oral argument by including the request in the answer or reply. If no request for oral argument is made, the petition to quash will be submitted on the papers upon the completion of briefing;

5. If respondents' response to the petition is a motion, the motion shall be noticed for hearing before the undersigned on a regularly scheduled law and motion calendar and shall be briefed and heard in accordance with Local Rule 230;

6. Petitioner's failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed; and

7. Respondent's October 21, 2011 motion to dismiss (Doc. No. 10) is denied as moot.

DATED: November 7, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1\orders.prose\gjerde0075.strike