IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN P. GJERDE dba LAW OFFICES OF SEAN P. GJERDE,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, COMMISSIONER OF INTERNAL REVENUE, and DEBI LINDERHOLM, Revenue Agent,<br><br>    Respondents.<br>_____/ | No. MISC S-11-0075 JAM DAD<br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |

       This matter came before the court on February 24, 2012 for hearing of respondents' motion to dismiss (Doc. No. 14). Petitioner, Sean P. Gjerde, is proceeding pro se with a petition to quash an Internal Revenue Service summons pursuant to 26 U.S.C. § 7609(b)(2). The case has been referred to the undersigned U.S. Magistrate Judge pursuant to Local Rule 302(c)(10). Adam Smart, Esq. appeared telephonically on behalf of respondents. No appearance was made by or on behalf of petitioner. Oral argument was heard, and respondents' motion was taken under submission.

/////

1   For the reasons set forth below, the undersigned now recommends that
2 petitioner's amended petition to quash be denied and respondents' motion to dismiss be granted.
3                                                              BACKGROUND
4   The amended petition alleges that petitioner is a licensed attorney who practices
5 law in California.  (Am. Pet. (Doc. 12) at 4.[1])  This action arises from an Internal Revenue
6 Service ("IRS") audit of petitioner's tax returns for the tax years 2007 through 2010.  (Id. at 11;
7 Linderholm Decl. (Doc. No. 14-2) at 1.)  As part of that audit, IRS Revenue Agent Debi
8 Linderholm issued summonses to Wells Fargo Bank, N.A. and Elk Grove Commerce Bank,
9 requiring each to produce records, including bank statements and copies of deposit slips, for two
10 of petitioner's client trust accounts held at these banks.  (Am. Pet. (Doc. 12) at 3-4.)
11   Petitioner filed his original petition to quash in this matter on August 21, 2011,
12 (Doc. No. 1), and on September 16, 2011, filed a motion to file an amended petition to quash.
13 (Doc. No. 7.)  Respondents filed a motion for an extension of time to file an answer on October
14 13, 2011.  (Doc. No. 9.)  On November 7, 2011, all documents filed by petitioner were stricken
15 and petitioner was ordered to file and serve a petition in compliance with the Federal Rules of
16 Civil Procedure and the Local Rules of Practice.  (Doc. No. 11.)
17   Petitioner filed an amended petition to quash on November 30, 2011.  (Am. Pet.
18 (Doc. No. 12)).  Therein, petitioner seeks to quash the issued IRS summonses on four grounds:
19 (1) that the statue of limitations has expired; (2) that the IRS already possesses the documents
20 sought; (3) relevancy; and (4) attorney-client privilege.  (Id. at 4, 15-17.)  Respondents filed a
21 motion to dismiss the amended petition on December 23, 2011.  (Doc. No. 14.)
22   The matter first came before the undersigned for hearing of respondents' motion
23 to dismiss on January 27, 2012.  Adam Smart, Esq. appeared telephonically on behalf of
24 respondent United States of America.  No appearance was made by or on behalf of petitioner and
25
26   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

petitioner did not file any opposition to respondents' motion to dismiss. At that hearing, the undersigned requested additional information from respondents concerning the intended use of the information sought by the summonses. The hearing of respondents' motion was continued to February 24, 2012. On February 16, 2012, respondents filed a supplemental memorandum in support of its motion. (Doc. No. 18.)

The matter again came before the undersigned for hearing of respondents' motion on February 24, 2012. Adam Smart, Esq. appeared telephonically on behalf of respondents. No appearance was made by or on behalf of petitioner at the February 24, 2012 hearing. Petitioner has still not filed opposition to respondents' motion and, in fact, has not filed anything in this matter since filing his amended petition to quash on November 30, 2011.[2]

## LEGAL STANDARD

The IRS is permitted to determine a person's tax liability by examining the person's documents, taking the person's testimony, and issuing summonses. 26 U.S.C. § 7602(a) (authorizing the IRS to issue summonses for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability"). The powers granted to the IRS for determining tax liability are to be "liberally construed in recognition of the vital public purposes which they serve," and the restriction contained in 26 U.S.C. § 7605(b) against unnecessary examinations or investigations is "not to be read so broadly as to defeat them." De Masters v.

---

[2] Respondents' motion could be granted for that reason alone. See Local Rule 230(c) (providing that opposition to granting of the motion shall be in writing and filed and served not less than fourteen days preceding the noticed or continued hearing date); Local Rule 230(i) (providing that failure to appear may be deemed withdrawal of opposition to the motion); Local Rule 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Arend, 313 F.2d 79, 87 (9th Cir. 1963).  See also United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (noting "Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation") (emphasis in original); Speck v. United States, 59 F.3d 106, 108 (9th Cir. 1995) (citing the Supreme Court's recognition in Arthur Young & Co. that Congress granted the IRS "expansive information-gathering authority").

A taxpayer identified in an IRS summons served on a third party recordkeeper may bring a proceeding to quash the summons, and the government, in turn, may seek to compel compliance with the summons.  26 U.S.C. § 7609(b)(2)(A).

> To defeat a petition to quash, . . . the government must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code.  See United States v. Powell, 379 U.S. 48, 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."  United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).  The burden is minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."  Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).
>
> Once the government has established the Powell elements, "'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . .  Without a doubt, this burden is a heavy one.'"  United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc) (quoting LaSalle, 437 U.S. at 316).  As we observed in Derr, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."  United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).  "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose."  Jose, 131 F.3d at 1328 (quoting Liberty, 778 F.2d at 1392).

Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999) (parallel citations and footnote omitted).

/////

/////

4

RESPONDENTS' PRIMA FACIE CASE

In support of its prima facie case, respondents have provided a sworn declaration from Revenue Agent Debra Linderholm. Declarant is employed in the Small Business/Self-Employed Division of the IRS and was assigned to examine the federal income tax returns of petitioner Sean P. Gjerde for the 2007 through 2010 tax years. (Linderholm Decl. (Doc. No. 14-2) at 1.) In furtherance of her examination, declarant issued a summons to Wells Fargo Bank, N.A., on August 18, 2011, and served the summons on that date. (Id. at 2.) A notice of that summons was sent to petitioner. (Id.) Declarant also issued a summons to Elk Grove Commerce Bank on September 12, 2011, and served the summons on that date. (Id. at 3.) A notice of that summons was sent to petitioner. (Id.)

Declarant asserts that the examination of petitioner's returns is for the legitimate purpose of determining petitioner's federal income tax liabilities for tax years 2007 through 2010 and that the information and documents sought by the third-party summonses will help her determine petitioner's tax liabilities for the years specified. (Id. at 3-4.) Declarant asserts further that the documents summonsed are not already in the possession of the IRS. (Id. at 4.) Declarant states that all administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed. (Id.) Finally, declarant avers that no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to petitioner for the tax years under investigation.[3] (Id.)

Revenue Agent Linderholm's declaration establishes that (1) the summons served on Wells Fargo Bank, N.A. and the summons served on Elk Grove Commerce Bank were issued

---

[3] At the January 27, 2012 hearing, the court noted that petitioner had a pending criminal matter in this court, Case No. 2:10-cr-00223, and requested that respondents file a supplemental memorandum addressing the relationship between the pending criminal matter and the IRS summonses. On February 16, 2012, respondents filed a supplemental memorandum stating that petitioner's pending criminal matter is unrelated to the IRS summonses. Respondents also filed a sworn declaration from Revenue Agent Linderholm, in which Agent Linderholm declares that petitioner's pending criminal matter "is in no way related" to her examination of petitioner's tax liabilities. (Linderholm Decl. (Doc. No. 18-1) at 2.)

solely for the legitimate purpose of determining petitioner's federal income tax liabilities for tax years 2007 through 2010, (2) the bank records sought by the summonses might shed light upon the correctness of petitioner's tax returns and are therefore relevant to the purpose of respondent's investigation, (3) the information and documents sought by the summonses were not already in the IRS's possession when the summonses were issued, and (4) the administrative steps required by the Internal Revenue Code were followed.

The court finds that respondents have established a prima facie case in support of the summonses issued to Wells Fargo Bank, N.A. and Elk Grove Commerce Bank and have therefore met the government's initial burden. The burden shifts to petitioner to demonstrate that either of the summonses should be quashed.[4]

PETITIONER'S ARGUMENTS IN SUPPORT OF QUASHING SUMMONS

Petitioner argues first that the summonses at issue seek information beyond the three-year statute of limitations for the assessment period. Petitioner contends that an IRS auditor requested an extension of the assessment period but petitioner never agreed to such an extension. (Am. Pet. (Doc. No. 12) at 11, 15.)

Petitioner also argues that the summonses at issue seek information that the IRS already has in its possession. (Id.) In this regard, petitioner contends that he has cooperated with the IRS and they already possess the information pertaining to the withdrawals from his client trust accounts. (Id. at 15.)

Petitioner next contends that the banks' production of the documents sought will contravene the attorney-client privilege between petitioner and his clients as well as petitioner's obligation under state law to preserve the confidences of his clients. (Id. at 16-17.)

/////

---

[4] Respondents also argue that the petition to quash should be dismissed because petitioner failed to properly serve the United States. (MTD (Doc No. 14-1) at 7-8.) The undersigned need not address that argument in light of the recommendation set forth below.

Finally, petitioner argues that the challenged summonses seeks information pertaining to the trust account he keeps on behalf of his clients and therefore the information cannot be relevant to determining his own tax liability. (Id. at 15.)

ANALYSIS

I. Statute of Limitations

The court turns first to petitioner's argument that the summonses seek information beyond the three-year statute of limitations for the assessment period. In opposition to this argument, respondents point out that petitioner's 2007 federal income tax return, the oldest tax return at issue, was not filed until October 10, 2008. (MTD (Doc. No. 14-1) at 10.)

"The IRS is generally authorized to audit tax returns within three years of their filing." Sugarloaf Funding, LLC v. U.S. Dept. Of The Treasury, 584 F.3d 340, 350 n. 12 (1st Cir. 2009) (citing 26 U.S.C. §§ 6501, 6629). In this regard, respondents point out that without any suspension of the three-year statute of limitations, the limitations period for auditing petitioner 2007 tax return would not have expired until October 10, 2011. Moreover, the filing of a petition to quash tolls the statute of limitations. See Sugarloaf Funding, LLC, 584 F.3d at 350 (citing 26 U.S.C. § 7609(e)(1)). Here, petitioner filed a previous petition to quash on June 24, 2010. See Gjerde v. United States, No. 2:10-mc-00068 MCE KJN PS, 2011 WL 1344731 (E.D. Cal. Apr. 8, 2011). He also filed the original petition to quash in this matter on August 21, 2011.

The challenged summonses issued on August 18, 2011 and September 12, 2011, with respect to a tax return filed October 10, 2008, were therefore timely and petitioner's argument to the contrary should be rejected.

II. Possession

The court turns next to petitioner's argument that the summonses seek information that the IRS already possesses. With respect to this argument, petitioner asserts that because he "has cooperated with the IRS in delivering documents, the IRS has all of the

distributions from the Client Trust Accounts that are the subject of Petitioner's motion to quash." (Am. Pet. (Doc. No. 12) at 15.)  Petitioner's allegations, however, are not supported by any specific facts or evidence, and are contradicted by Agent Linderholm's declaration.  (Linderholm Decl. (Doc. No. 14-2) at 3-4.)  Petitioner's argument in support of his motion to quash should therefore be rejected.  See Gjerde v. United States, No. 2:10-mc-00068 MCE KJN PS, 2011 WL 1344731, at *3 (E.D. Cal. Apr. 8, 2011) ("Given Agent's Zielke's confirmation that the IRS does not have the requested information, petitioner's unsupported and vague contention otherwise is not well-taken.").

III. Privilege

The court turns next to petitioner's argument that production of the documents sought will contravene the attorney-client privilege between petitioner and his clients as well as petitioner's obligation under state law to preserve client confidences.

IRS summonses are "subject to the traditional privileges and limitations," including the attorney-client privilege.  Upjohn Co. v. United States, 449 U.S. 383, 395-96, 398 (1981).  The burden of proving the protection of the attorney-client privilege applies to the documents at issue lies with the party attempting to invoke the privilege to resist enforcement of the summons.  Powell, 379 U.S. at 58.  The invoking party must prove to a reasonable certainty that the elements of an attorney-client privilege exist.  See Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).  It is federal common law, not state law, that governs whether information sought by the IRS is protected by the attorney-client privilege.  United States v. Blackman, 72 F.3d 1418, 1423 (9th Cir. 1995); Clarke, 974 F.2d at 129.

The attorney-client privilege protects only communication made in the course of seeking legal advice from a professional legal adviser in his or her capacity as such.  Olender v. United States, 210 F.2d 795, 806 (9th Cir. 1954).  "The purpose of the privilege is to encourage clients to make full disclosure to their attorneys."  Fisher v. United States, 425 U.S. 391, 403 (1976).  "Not all communications between an attorney and client are privileged," and Ninth

Circuit courts "have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of work performed are usually not protected from disclosure by the attorney-client privilege." Clarke, 974 F.2d at 129 (citing cases). See also Reiserer v. United States, 479 F.3d 1160, 1165 (9th Cir. 2007) ("[T]he attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client.") (quoting United States v. Horn, 976 F.2d 1314, 1317 (9th Cir. 1992)). "Blanket assertions of the attorney-client privilege are extremely disfavored. Clarke, 974 F.2d at 129. Rather, the privilege is ordinarily properly raised as to each record sought to allow the court to rule with specificity. Id.

Under certain circumstances, the district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies to specific documents. Kerr v. United States Dist. Ct. for N. Distr. of Cal., 426 U.S. 394, 405 (1976); Clarke, 974 F.2d at 129. The privilege extends to cover the substance of the client's confidential communications and the attorney's advice in response thereto. In re Fischel, 557 F.2d 209, 211 (9th Cir. 1977). "Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." Clarke, 974 F.2d at 129. See also Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988) ("We have said repeatedly . . . that fee information generally is not privileged. Payment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship.").

Moreover, "[i]t is well settled that there is no privilege between a bank and a depositor." Reiserer, 479 F.3d at 1165 (citing Harris v. United States, 413 F.3d 316, 319-20 (9th Cir. 1969)). In Harris, a case involving production of checks deposited into or withdrawn from an attorney's trust account, the court explained that "[t]he reasons which led to the attorney-client privilege, such as the aim of encouraging full disclosure in order to enable proper representation,

9

do not exist in the case of a bank and its depositor," and "the check is not a confidential communication, as is the consultation between attorney and client." Harris, 413 F.3d at 319-20. Because the attorney-client privilege applies only where the communication between attorney and client is confidential, and there is no such confidential communication where a third party such as a bank either receives or generates the documents sought by the IRS, there is no privilege protecting such documents. Reiserer, 479 F.3d at 1165.

The bank records sought in this case do not constitute communications made between petitioner's clients and petitioner in his capacity as a professional legal adviser in the course of receiving or giving legal advice. Nor is there any showing by petitioner that extending the attorney-client privilege to such records would serve the purpose of encouraging clients to make full disclosure to their attorneys. Accordingly, the court finds that petitioner has not proved to a reasonable certainty that the elements of an attorney-client privilege exist as to the bank records sought by the IRS in this instance. Petitioner has failed to carry the burden of proving that the protection of the attorney-client privilege applies to the records and has therefore failed to establish privilege as a legal ground for quashing the summonses. His motion to quash on attorney-client privilege grounds should therefore be rejected.

IV.   Relevance

Finally, the court turns to petitioner's argument that inquiry into deposits into his client trust accounts is not relevant because no deposit into those accounts could generate income to petitioner until it is withdrawn. Petitioner's contention that deposits into these client trust accounts are not relevant to determining his tax liability fails to apply the correct legal standard with respect to relevance, i.e., relevance to the purpose of the examination. See Powell, 379 U.S. at 57-58. Congress has authorized the IRS to examine "any books, papers, records, or other data which may be relevant or material" to ascertaining the correctness of any return or determining the liability of any person for any internal revenue tax. 26 U.S.C. § 7602(a)(1). Thus, information sought by summons is deemed relevant if it might throw light upon the correctness

of the taxpayer's return. David H. Tedder & Assocs., Inc. v. United States, 77 F.3d 1166, 1169 (9th Cir. 1996). The "may be" language in § 7602(a)(1) "reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation," and "the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized." Arthur Young & Co., 465 U.S. at 814. Another formulation of the same standard is that the IRS must show that it has a realistic expectation rather than an idle hope that something might be discovered from the information sought by summons. Tedder, 77 F.3d at 1169.

Here, the IRS's investigation has given rise to concerns that petitioner has been commingling his business receipts and client trust funds. (MTD. (Doc. No. 14-1) at 13.) The information sought by the IRS will help it determine whether the funds deposited into the accounts in question were indeed client funds held in trust, or were instead actually petitioner's business receipts. In this regard, the information sought by the IRS pursuant to the summonses in this case is relevant because the information may throw light upon the correctness of petitioner's tax returns and the IRS clearly has more than an idle hope that something may be discovered from the information produced. The court finds that the banks record sought are relevant to the purpose of respondents' investigation. Petitioner has failed to establish lack of relevance as a legal ground for quashing the summonses. Therefore his motion to quash on relevancy grounds should be denied.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that respondents' October 13, 2011 motion for an extension of time (Doc. No. 9) is denied as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's November 30, 2011 amended petition to quash (Doc. No. 12) be denied in its entirety;

/////

2. Respondents' December 23, 2011 motion to dismiss be granted; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\gjerde0075.petquash.f&rs.wpd